* * * * * * * * * * * *Page 2 
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Rideout with minor modifications.
 * * * * * * * * * * * ISSUES
The following issues are before the Commission:
1. Have defendants failed to comply with Special Deputy Commissioner Maddox's August 9, 2006 Order directing defendants to authorize and provide medical care with Dr. T. Craig Derian;
2. Did Deputy Commissioner Holmes stay enforcement by agreeing to the appeal of Special Deputy Commissioner Maddox's August 9, 2006 Order;
3. Are defendants in civil contempt for failure to comply with the August 9, 2006 Order of Special Deputy Commissioner Maddox; and
4. Has the matter been defended without reasonable grounds.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The Full Commission filed an Amended Order designating Dr. William Hedrick as plaintiff's treating physician on March 15, 2005. *Page 3 
2. Dr. Hedrick referred plaintiff to Dr. T. Craig Derian for surgery in a note dated April 13, 2006. Although the record shows that plaintiff treated with Dr. Derian prior to obtaining a referral from Dr. Hedrick, the Full Commission finds that Dr. Hedrick, as plaintiff's treating physician, did properly refer plaintiff for treatment with Dr. Derian and, consequently, defendants are responsible for any treatment provided by Dr. Derian.
3. Defendants failed to authorize surgery with Dr. Derian, and plaintiff filed a Motion to Compel Medical Treatment with Dr. Derian on May 17, 2006.
4. Defendants authorized the requested surgery with Dr. Lestini but not with Dr. Derian. Defendants assert that Dr. Lestini has offered a more effective surgical procedure; however, the Full Commission finds that plaintiff saw Dr. Lestini merely for an evaluation and, thus, Dr. Lestini is not plaintiff's authorized treating physician. Thus, defendants are without authority to authorize surgery with Dr. Lestini instead of Dr. Derian when Dr. Hedrick, plaintiff's designated treating physician, had referred plaintiff to Dr. Derian and specifically concurred with the surgery offered by Dr. Derian.
5. On August 9, 2006, Special Deputy Commissioner Maddox issued an Order directing defendants to authorize and provide medical care with Dr. Derian.
6. On August 15, 2006, defendants filed a Motion for Reconsideration with Special Deputy Commissioner Maddox. On the same day, defendants also filed a Motion for Stay of the August 9, 2006 Order with the Full Commission.
7. On August 15, 2006, Chairman Lattimore denied defendants' Motion for Stay of the August 9, 2006 Order of Special Deputy Commissioner Maddox.
8. On August 16, 2006, a hearing was held before Deputy Commissioner Phillip Holmes concerning the reinstatement of plaintiff's temporary total disability benefits. *Page 4 
Defendants requested Deputy Commissioner Holmes to also consider the issue of the August 9, 2006 Order of Special Deputy Commissioner Maddox within his hearing. Plaintiff objected to this request. Following arguments of the parties, Deputy Commission Holmes incorporated the issue of defendants' denial of surgery with Dr. Derian into his hearing. Although Deputy Commissioner Holmes did address the issue of whether defendants should provide the surgery recommended by Dr. Derian, the Full Commission finds that Deputy Commissioner Holmes noted in his February 6, 2007 Opinion and Award that the issue of contempt in this matter was not before him, and was properly before Deputy Commissioner Rideout.
9. Also on August 16, 2006, defendants withdrew their Motion for Reconsideration of the August 9, 2006 Order. Prior to receiving defendants' request for withdrawal of their Motion for Reconsideration, Special Deputy Commissioner Maddox denied defendants' Motion.
10. Additionally on August 16, 2006, plaintiff filed a Motion to Show Cause for defendants' failure to comply with the August 9, 2006 Order.
11. On August 21, 2006, defendants refiled their Motion for Reconsideration of the August 9, 2006 Order. Special Deputy Commissioner Maddox denied defendants' Motion the same day.
12. On August 22, 2006, defendants filed a Motion for Reconsideration of Chairman Lattimore's denial of their Motion for Stay.
13. On August 23, 2006, Chairman Lattimore denied defendants' Motion for Reconsideration of his prior Order denying their Motion for Stay.
14. Special Deputy Commissioner Maddox's August 9, 2006 Order compelling medical treatment remained in effect as of the date of the contempt hearing before Deputy Commissioner Rideout. *Page 5 
15. The Full Commission finds that Special Deputy Commissioner Maddox's August 9, 2006 Order is valid and lawful. Defendants' noncompliance with the Order is willful. Further, the Full Commission finds that defendants are able to comply with the Order, and as of the date of the hearing before the Full Commission, defendants had not complied with the Order.
16. Defendants contend they have been denied a substantive right in that there is a justiciable issue as to whether the surgery recommended by Dr. Derian is appropriate or necessary at this juncture. However, the Full Commission finds that issues regarding medical care must be considered by the Commission in a timely manner. The Executive Secretary's Office, who issued the August 9, 2006 Order compelling medical treatment in this matter, is designed to give timely decisions on such matters in the interest of providing swift and sure compensation to injured workers without the necessity of protracted litigation. There is, of course, a right to appeal, and the Commission's rules provide a process by which a stay may be obtained. In the present case, defendants were unsuccessful in obtaining a stay of the August 9, 2006 Order compelling medical treatment and, as a consequence, when defendants failed to comply, the plaintiff properly initiated the current contempt proceeding.
17. The Full Commission finds that the defense of this matter is stubborn, unfounded, and in direct conflict with the clear language of North Carolina Industrial Commission Rule 703(2).
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW *Page 6 
1. The Workers' Compensation Act "was enacted to provide swift and sure compensation to injured workers without the necessity of protracted litigation." Rorie V. Holly Farms Poultry Co., 306 N.C. 706,295 S.E.2d 458 (1982). In the spirit of this purpose, the Full Commission finds that issues regarding medical care must be considered by the Commission in a timely manner. The Executive Secretary's Office, who issued the August 9, 2006 Order compelling medical treatment in this matter, acted in accordance with the Act by providing swift and sure compensation to plaintiff, who is in need of present medical care, without the necessity of protracted litigation. Id.
2. Defendants are held in civil contempt for failure to comply with Special Deputy Commissioner Maddox's August 9, 2006 Order compelling medical treatment. N.C. Gen. Stat. § 5A-21.
3. Although Deputy Commissioner Holmes did incorporate into his August 16, 2006 hearing the issue of whether defendants should provide the surgery recommended by Dr. Derian, the Full Commission finds that Deputy Commissioner Holmes noted in his February 6, 2007 Opinion and Award that the issue of contempt in this matter was not before him, and was properly before Deputy Commissioner Rideout. The Full Commission finds that Deputy Commissioner Holmes's incorporation at hearing of the issue of whether defendants should provide the surgery recommended by Dr. Derian did not act as a stay of Special Deputy Commissioner Maddox's August 9, 2006 Order compelling medical treatment. Rule 703(2) of the Rules of the N.C. Industrial Commission.
4. Defendants' refusal to obey the August 9, 2006 Order necessitating this contempt proceeding constitutes stubborn, unfounded litigiousness. N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * * *Page 7 
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants are fined $25.00 per day from August 10, 2006, through the date of the hearing before the Deputy Commissioner on August 29, 2006. This fine is payable to the Industrial Commission.
2. Plaintiff's counsel is entitled to a reasonable attorney's fee, to be paid by defendants, for his time in prosecuting this matter. Plaintiff's counsel shall submit his time to the Industrial Commission within thirty (30) days of the entry of this Opinion and Award.
3. Defendants shall pay costs.
This 14th day of March 2007.
 S/______________________
 CHRISTOPHER SCOTT
 COMMISSIONER
CONCURRING:
 S/______________________ PAMELA T. YOUNG COMMISSIONER
 DISSENTING: *Page 8 
 S/______________________ DIANNE C. SELLERS COMMISSIONER